PROVIDED TO SANTA ROSA CI ON JAN 1 1 2023 FOR MAILING BY

United States District Court
Middle District Of Florida

Civil Rights Complaint Form
For pro se, prisoner litigants
In Action under 42 U.S.C. §1983

Jamell M. Cooper,
T71812
Plaintiff,

Case No.: 8:23cv117 TPB-JSS

V.

Michelle Sisco,
Defendant.

Jury Trial Is Requested

(1)

I  Parties to this complaint
A. Plaintiff
    Jamell M. Cooper #T71812
    Santa Rosa Correctional Institution
    5850 East Milton Road
    Milton, Florida 32583

B. Defendant's
    Michelle Sisco
    Circuit Court Judge
    13th Judicial Circuit Court
    601 E. Kennedy Blvd
    13th Floor
    Tampa, Florida 33602

Michelle Sisco (Sued in her Official Capacity)

II  Basis For Invoking Jurisdiction

Under 42 U.S.C. § 1983, the plaintiff may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and Federal law

III  The plaintiff is a convicted state prisoner bringing this suit against a State/Local Official

(2)

IV.         Statement of Facts

① The plaintiff was granted an Evidentiary hearing on one claim of ineffective Assistance of Counsel against Roxanna S. Smith, the assistant public defender he had at the time of sentencing for failing to inform the plaintiff about the After thought theory to his robbery charge

② At the hearing, the state called Roxanna S. Smith as a witness against the plaintiff

③ In her testimony, Roxanna S. Smith testified about the the plaintiff's statement he made to law enforcement Stating " In his statement given to law Enforcement he indicated that he didnt realize he had the wallet when he left. Once he realized it that when he dropped it."

④ The statement/testimony given by Roxanna S. Smith in regards to the plaintiff statement given to law enforcement was false.

⑤ In his statement given to law enforcement the plaintiff stated "He saw someone coming down stairs he took off. he stated he took the wallet when he took off."

⑥ The statement given by Roxanna S. Smith in regards to the plaintiff statement given was false And Constituted a fraud on the court.

⑦ The plaintiff never said any of the words Roxanna S. Smith testified he did to law enforcement

⑧ the false testimony given by Roxanna S. Smith in regards to the plaintiff's statement he gave to law enforcement was false and had an affect on the order denying him relief

⑨ The courts made reference to the false testimony testimony as to establish why the credibility of the court was given to Roxanna S. Smith and not him.

⑩ The courts order stated " The courts Finds that although the defendant version of events differed from what was in his statement given to law enforcement.

(3)

11) The Courts Findings was lead by False testimony; Fraudulent testimony lead the courts to it's Findings.

12) The plaintiff filed a petition For Writ of Habeas Corpus reflecting a Feb. 15, 2022 Filing date

13) The heading of the petition was titled "Petition For Writ of Habeas Corpus"

14) But the Courts Knowingly misconstrued the Filing to a motion for rehearing, ignoring the plaintiff clear intentions of the type of Filing he Submitted

15) Inside that petition, the plaintiff raised a claim of deprivation of liberty

16) Said claim did in fact have Factual Correspondence with precedents to give the court an Official notice of the deprivation of liberty and legal precedents of the United States Constitution and legal precedents of the Florida supreme Court

17) According to the legal precedents cited in the claim, because the plaintiff Dec. 9. 2016 order denying him relief was procurred by Fraudulent testimony and the Courts could not use the Court Files and records to refute the allegations of fraud practiced upon the court, then the plaintiff is entitled to relief From the fraudulent testimony.

18) Had the courts granted the plaintiff the relief he is entitled to according to legal precedents. The order procurred by Fraudulent testimony would have been vacated, modified, opened or other wise acted upon

19) The courts conclusion would either be grant him the relief requested In the Dec. 9. 2016 order denying him relief or Review the order and issue a new ruling

20) In reviewing the order For a new ruling, the Courts would have to make a new ruling in light of the Fraudulent testimony given by Roxanna S. Smith

(4)

21) In doing so, the court would again be left to making a credibility determination because nothing but words exist on the record as evidence.

22) Being that Roxanna S. Smith testimony is exhibited to be that of Fraud, the courts credibility would be given to the plaintiff.

23) In doing so, the plaintiff would be granted the relief requested in the order and proceed to trial.

24) The plaintiff was sentenced as a Prison Release Reoffender to 15 years in Florida state prison for the robbery charge

25) he was sentenced to 5 years in Florida state prison on a False imprisonment charge

26) it was agreed both sentences run concurrently.

27) It was agreed upon in the evidentiary hearing that the after thought theory to his robbery charged applied to him and his case. And the Fact that he was granted an evidentiary hearing also establish the Fact that the after thought theory applys to him and his case.

28) once back in the courts, the plaintiff would proceed to trial and win using the After thought theory to his robbery charge which would require his robbery charge be dropped to a theft and he would have time served on the theft charge.

29) he was sentenced in 2014, So at the latest, his Five years was completed near the end of 2019

30) So every day after the courts denial of his petition for Writ of Habeas corpus filed Feb 15, 2022 is a deprivation of liberty

31) the constitutional violation was not and is not beyond the defendant's power to prevent it

32) A court must file a motion or petition as intended

(5)

to be Filed by a litigant

33) The title of petition was clear. It was intended to be Filed as a petition For Writ of Habeas corpus and was Formatted as on and Should have been treated as one.

V.     Statements of the claim

① The 14th amendment of the united states that "a state shall not deprive any person of life, liberty, or property without due process of law."

② Michelle Sisco, a circuit court judge, in the 13th judicial circuit court, in and for Hillsborough county, Florida has knowingly deprived the plaintiff of his liberty without due process of law

③ By knowingly misconstruing his petition for writ of habeas corpus, when the intentions of his filings was made clear.

④ Said filing was construed to a motion for Rehearing and denied

⑤ Inside said petition, a deprivation of liberty claim was raised

⑥ Said claim had factual correspondence with precedents to give said judge (the defendant) an official notice of the deprivation and legal precedents of the United States Constitution and the Florida Supreme court

⑦ According to the precedents of law, said judge (the defendant) had no discretion in said filed claim

⑧ The constitutional violation was not beyond the defendant's power to prevent it.

VI.     Relief Requested

The plaintiff submits that he does not have an adequate remedy at law. No other relief other than requested herein will adequately protect him from deprivation of liberty without due process.

The plaintiff seeks a mandatory injunction order the defendant to:

(7)

① Recall, Vacate, and set aside the March 10, 2022 Order (order denying Defendant's petition for Writ of Habeas corpus) denying him relief

② To Acknowledge the Filing as it was clearly intended to be Filed as

③ To reconsider the order & the Deprivation of liberty claim in light of the legal precedents of law in State v. Burton, 314 So. 2d 136 (Fla. 1975) And the 14th Amendment of the United States Constitution.

④ Acknowledge Ground (1) of the petition as Exhibits to the deprivation of liberty claim in the petition located in ground (3)

⑤ Pursuant to Article 1, Section 13, of the Florida Constitution, For the Writ of Habeas corpus to be returnable without delay

⑥ For Michelle Sisco, the defendant to Officially disqualified From any and all Future proceedings of the plaintiff as the record and Files will show that She has violated her judicial code of conduct pursuant to 3B(5) by demonstrating her ruling to be of prejudice against the plaintiff in his proceeding. The record will show that the defendant has denied the plaintiff relief From Fraudulent testimony (4) times acting in clear disregards to legal precedents.

This is evidence that Future misconduct is likely and his rights Nor proceedings will be Fair and protected.

(8)

VII Prior litigation.
* A. To the best of the plaintiff knowledge he has not had any cases dismissed for a reason listed in § 1915(g) which counts as a Strike
* B. To the best of the plaintiff knowledge he has not Filed lawsuits in either state or federal dealing with the same facts or issue involved in this case
* C. To the best of the plaintiff knowledge he has Filed any lawsuits In Federal court either challenging his conviction or otherwise relating to the confinement conditions in which he is held

He does not know any of the relevant Information For those Filings

(9)

VIII     Certification

I, Jamell M. Cooper, declare under penalty of perjury that the foregoing is true and correct. Additionally, as required by Federal Rule Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint (1) is not being presented for an improper purpose, such as harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-~~frivolous~~ frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for futher investigation or discovery; (4) the complaint other wise complies with the requirements of Rule 11.

I agree to timely notify the clerk's office if there is any change to my address. I understand that my failure to keep a current mailing address on file with the clerks office may result in the dismissal of my case.

Date 01-11-23     [signature]

Jamell M. Cooper # T71812
Santa Rosa C.I.
5850 East Milton Rd
Milton, FL. 32583

I certify and declare under penalty of perjury, that this complaint was delivered to prison officials for mailing

on 11 day of January 2023

*[signature]*

(11)